IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM W. RAMSEY, JR., | ) CIVIL NO. 19-00060 SOM-RLP |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION TO ) DENY PLAINTIFF'S MOTION FOR |
| vs. | ) APPOINTMENT OF PRO BONO COUNSEL ) AND TO DISMISS PLAINTIFF'S |
| PARK LANE MANAGEMENT AND SECURITY TEAM; KITV 4 NEWS; KGMB 9 NEWS; KHNL 5 NEWS; KHON 2 NEWS; NEWS ANCHORS AND ALL NEWS CHANNELS IN HAWAII, | ) AMENDED COMPLAINT WITH LEAVE TO ) AMEND |
| Defendants. | ) |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S
MOTION FOR APPOINTMENT OF PRO BONO COUNSEL AND TO
DISMISS PLAINTIFF'S AMENDED COMPLAINT WITH LEAVE TO AMEND[1]

Before the Court is Plaintiff's Motion for Appointment of Pro Bono Counsel. ECF No. 7. The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. After careful consideration of the materials submitted by Plaintiff, the Court FINDS and RECOMMENDS that Plaintiff's Motion for Appointment of Pro Bono Counsel be DENIED and that Plaintiff's Amended Complaint be DISMISSED with leave to amend.

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

BACKGROUND

Plaintiff, proceeding *pro se*, filed an Amended Complaint on February 2, 2019, against Defendants alleging that Defendants violated his constitutional rights.  ECF No. 6.  Plaintiff alleges that he was invited to Park Lane on January 13, 2019, to view a condominium that was for sale when three Park Lane security officers told him to leave the premises and escorted him off property because they told him that they had heard that he was a child molester from all the new channels in Hawaii in June and July 2018.  See ECF No. 6 at 5-6.  Plaintiff alleges that Defendants violated his constitutional rights and is seeking $24 million in damages.  Id. at 6.

DISCUSSION

**I.  The Court Recommends that Plaintiff's Amended Complaint be Dismissed With Leave to Amend.**

The court may dismiss a complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.  See Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008).  Rule 8 requires that a complaint include "a short plain statement of the claim" and that each allegation "be simple, concise, and direct."  Fed. R. Civ. P.  8(a)(2), (d)(1).  A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed *sua sponte* for failure to satisfy Rule 8.  Hearns, 530 F.3d at 1131 (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969)).  Because

2

Plaintiff is appearing pro se in this action, the Court liberally construes the pleadings.  See Bernhardt v. L.A. Cnty., 339 F.3d 920, 925 (9th Cir. 2003).

The Court has reviewed Plaintiff's Amended Complaint and concludes that, even liberally construed, the Amended Complaint fails to state a claim.  Although Plaintiff does not specify the authority under which he seeks relief, the Court construes his Amended Complaint as asserting claims under 42 U.S.C. § 1983.  "Section 1983 imposes two essential proof requirements upon a claimant:  1) that a person acting under color of state law committed the conduct at issue, and 2) that the conduct deprived the claimant of some right, privilege or immunity protected by the Constitution or laws of the United States."  Leer v. Murphy, 844 F.2d 628, 632–33 (9th Cir. 1988).

Here, Plaintiff's Amended Complaint fails to the first requirement.  Specifically, Plaintiff does not allege that any Defendant acted under color of state law.  Generally, Section 1983 applies to government officials and employees.  However, a private person may act under "color of law" when he exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  West v. Atkins, 487 U.S. 42, 49 (1988) (internal citation omitted).  Plaintiff does not allege any facts to show that Defendants were exercising power possessed by virtue of state law

3

or were acting under the authority of state law.  Accordingly, Plaintiff's Amended Complaint fails to state a claim under Section 1983.

Although the Amended Complaint is deficient, the Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend."  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez, 203 F.3d at 1126.  Accordingly, the Court RECOMMENDS that the Amended Complaint be DISMISSED without prejudice and Plaintiff be given leave to file a second amended complaint, addressing the deficiencies identified above, no later than thirty days from the district court's adoption of this Findings and Recommendation.  If Plaintiff chooses to file a second amended complaint, the document must be clearly designated as the "Second Amended Complaint," must be retyped or rewritten, and may not incorporate any part of the original Complaint or Amended Complaint by reference.  See Local Rule 10.3.

**II.   The Court Recommends that Plaintiff's Motion to Appoint Pro Bono Counsel be Denied.**

A court may request counsel to represent an indigent litigant under 28 U.S.C. § 1915(e)(1) only under "exceptional circumstances," taking into account the "likelihood of success on the merits" and the "ability of the petitioner to articulate his

4

claims pro se in light of the complexity of the legal issues involved." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (internal citations and quotations omitted).  As detailed above, Plaintiff has failed to state a claim, which weighs against an appointment of counsel.  The only reason for appointment of counsel given in Plaintiff's Motion is that Plaintiff is indigent, which does not present an extraordinary circumstance to appoint counsel.  The Court RECOMMENDS that Plaintiff's Motion for Appointment of Pro Bono Counsel be DENIED.

CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiff's Motion for Appointment of Pro Bono Counsel be DENIED and that Plaintiff's Amended Complaint be DISMISSED with leave to amend.  The Rule 16 Scheduling Conference set for April 1, 2019, is VACATED and will be reset as appropriate following the filing and service of Plaintiff's Second Amended Complaint.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, FEBRUARY 14, 2019.

Richard L. Puglisi
United States Magistrate Judge

**RAMSEY vs. PARK LANE MANAGEMENT AND SECURITY TEAM, ET AL.; CIVIL NO. 19-00060 SOM-RLP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL AND TO DISMISS PLAINTIFF'S AMENDED COMPLAINT WITH LEAVE TO AMEND**