IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM W. RAMSEY, JR., | ) CIVIL NO. 19-00060 SOM-RLP |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION TO |
| | ) DISMISS PLAINTIFF'S SECOND |
| vs. | ) AMENDED COMPLAINT |
| | ) |
| PARK LANE MANAGEMENT, ET AL., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT[1]

On February 14, 2019, this Court issued a Findings and Recommendation to Deny Plaintiff's Motion for Appointment of Counsel and to Dismiss Plaintiff's Amended Complaint With Leave to Amend. ECF No. 8. The district court adopted the Findings and Recommendation on March 5, 2019. ECF NO. 10. After adopting the Findings and Recommendation, the district court deemed Plaintiff's Second Amended Complaint as having been filed on March 5, 2019. ECF No. 11. After careful consideration of the Second Amended Complaint, the Court FINDS and RECOMMENDS that Plaintiff's Second Amended Complaint be DISMISSED.

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

BACKGROUND

In his Second Amended Complaint, Plaintiff, proceeding *pro se*, alleges that Park Lane Management and Security Team violated his constitutional rights. ECF No. 12. Plaintiff alleges that he was at a real estate open house at a unit at Park Lane when three Park Lane security officers told him to leave the premises and escorted him off property because Plaintiff was a registered sex offender. Id. at 1. Plaintiff alleges that the Security Team violated his constitutional rights by using unnecessary force and foul language when they kicked him off the property. Id. Plaintiff alleges that Park Lane Management violated his constitutional rights by discriminating against him, defaming his character, and slandering him. Id. at 3. Plaintiff seeks $24 million in damages. Id. at 5.

DISCUSSION

The court may dismiss a complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. See Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008). Rule 8 requires that a complaint include "a short plain statement of the claim" and that each allegation "be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed *sua sponte* for failure to satisfy Rule 8. Hearns, 530 F.3d at 1131 (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969)). Because

Plaintiff is appearing pro se in this action, the Court liberally construes the pleadings.  See Bernhardt v. L.A. Cnty., 339 F.3d 920, 925 (9th Cir. 2003).

The Court has reviewed Plaintiff's Second Amended Complaint and concludes that, even liberally construed, the Second Amended Complaint fails to state a federal claim. Plaintiff states that he is asserting claims under 42 U.S.C. § 1983.  ECF No. 12 at 4.  As the Court explained in its prior Findings and Recommendation, "Section 1983 imposes two essential proof requirements upon a claimant:  1) that a person acting under color of state law committed the conduct at issue, and 2) that the conduct deprived the claimant of some right, privilege or immunity protected by the Constitution or laws of the United States."  Leer v. Murphy, 844 F.2d 628, 632–33 (9th Cir. 1988).

Here, Plaintiff's Second Amended Complaint fails to meet the first requirement.  Specifically, Plaintiff does not plausibly allege that Defendants acted under color of state law. In his Second Amended Complaint, Plaintiff states that "[t]he [defendants] acting under color of state law committed the conducted, issue and that the conduct deprived the claimant of some right privilege or immunity."  ECF No. 12 at 4.  This conclusory statement is not sufficient to plausibly allege that the named Defendants acted under the authority of state law.

3

Section 1983 generally applies to government officials and employees. The named Defendants here are not government officials or government employees, but appear to be private citizens. A private person may act under "color of law" for purposes of Section 1983 when he exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West v. Atkins, 487 U.S. 42, 49 (1988) (internal citation omitted). Plaintiff does not allege any facts to show that Defendants were exercising power possessed by virtue of state law or were acting under the authority of state law. Accordingly, Plaintiff's Second Amended Complaint fails to state a claim under Section 1983.

Construing Plaintiff's Second Amended Complaint liberally, it appears that Plaintiff may be able to assert Hawaii state law claims against the named Defendants. Based on the allegations in the Second Amended Complaint, it appears that Plaintiff and Defendants are citizens of Hawaii. This Court does not have jurisdiction over state law claims between citizens of the same state. See 28 U.S.C. § 1332(a) (providing that federal district courts have jurisdiction over actions between "citizens of different States"). Because Plaintiff and Defendants are citizens of Hawaii, this Court does not have jurisdiction over Plaintiff's potential claims for violation of Hawaii state law. Accordingly, Plaintiff's Second Amended Complaint must be

4

dismissed.

## CONCLUSION

In accordance with the foregoing, the Court FINDS that no amendment can cure the defects in Plaintiff's Second Amended Complaint and RECOMMENDS that the Second Amended Complaint be DISMISSED.  Further, given Plaintiff's pro se status, the Court RECOMMENDS that the Clerk's Office refund to Plaintiff the $400 filing fee paid on February 6, 2019.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, MARCH 12, 2019.



Richard L. Puglisi
United States Magistrate Judge


**RAMSEY vs. PARK LANE MANAGEMENT, ET AL.; CIVIL NO. 19-00060 SOM-RLP; FINDINGS AND RECOMMENDATION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**